Obal v. Deutsche Bank National Trust Company

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand sixteen.

PRESENT:
>  ROBERT A. KATZMANN,
>    *Chief Judge,*
>  RALPH K. WINTER,
>  RICHARD C. WESLEY,
>    *Circuit Judges.*

---

David Obal,

>  *Plaintiff-Appellant,*

>  v.                                                                 15-775

Deutsche Bank National Trust Company, as
Trustee for the Morgan Stanley Mortgage Loan
Trust 2004-9, Mortgage Pass-Through
Certificates, Series 2004-9, et al.,

>  *Defendants-Appellees,*

United States Internal Revenue Service,

>  *Defendant.*

---

FOR APPELLANT:                    David Obal, pro se, Henderson, NV.

**FOR APPELLEES:** Lisa J. Fried and Heather R. Gushue, Hogan Lovells US LLP, New York, NY; and Chava Brandriss, Hogan Lovells US LLP, Washington, DC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant David Obal, proceeding pro se, appeals from the district court's dismissal of his complaint against two financial institutions. His complaint sought, among other remedies, damages and a declaratory judgment invalidating an assignment that transferred ownership of his residential mortgage loan to defendant Deutsche Bank National Trust Company ("Deutsche Bank") as trustee for a Morgan Stanley Mortgage Loan Trust (the "Trust"). The district court granted defendants' motion to dismiss Obal's amended complaint for lack of subject matter jurisdiction, reasoning primarily that Obal lacked standing to challenge the assignment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's determination that a plaintiff lacked standing to sue. *See Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 84–85 (2d Cir. 2014). "The question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues," and it implicates "both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Id.* at 84 (internal quotation marks and brackets omitted). Here, Obal lacked both constitutional and prudential standing to challenge either the validity of the assignment of his mortgage loan or the assignment's compliance with laws, regulations, and the Trust's prospectus and pooling and servicing agreement.

To have standing under Article III of the Constitution, "a plaintiff must have suffered an injury in fact . . . which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 85 (alteration in original) (internal quotation marks omitted). Upon review, we agree with the district court that Obal alleged only injuries that are "highly implausible" and "entirely hypothetical," *id.*, and therefore fail to meet the constitutional standing requirements. For example, Obal's claim that the improper transfer of his debt deprived him "of the opportunity to explore options with the true debt owner," relies on too speculative an injury to serve as a basis for Article III standing. Consequently, we find that Obal lacked constitutional standing to bring a challenge to Deutsche Bank's ownership of his debt based on the alleged invalidity of the assignment.

Moreover, even if Obal had constitutional standing to challenge the validity of the assignment, he would have lacked prudential standing. "The prudential standing rule . . . normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." *id.* at 86 (alteration in original) (internal quotation marks omitted). To satisfy the prudential standing requirement, "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* (internal quotation marks and brackets omitted). Obal lacks prudential standing to assert his claims against defendants because his theories are largely premised on injuries to third parties, such as intended beneficiaries of the Trust.

Obal also challenges the district court's denial of leave to further amend his complaint. We review such a denial for abuse of discretion. *See In re Lehman Bros. Mortgage-Backed Sec. Litig.*, 650 F.3d 167, 188 (2d Cir. 2011). Here, in light of the issues discussed above, the district

3

court did not abuse its discretion in finding that repleading would have been futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered Obal's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4